**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MARIE PAGE
4738 Anaconda Road
Bensalem, PA 19020
                    Plaintiff

        v.                                          **JURY TRIAL DEMANDED**

PROGRESSIVE SPECIALTY INSURANCE
COMPANY
300 North Commons Boulevard
Mayfield Village, OH 44143
                    Defendant

**COMPLAINT**

Plaintiff, Marie Page by and through her attorneys, Fine Staud & Levy LLC, states that she has a cause of action against Defendant, Progressive Specialty Insurance Company, and in support thereof avers the following:

## I.    PARTIES

1.    Plaintiff, Marie Page, is an adult individual residing at the above stated address.

2.    Defendant, Progressive Specialty Insurance Company (hereinafter "Progressive") is a corporation or other business entity with offices at the above stated address that regularly conducts business in Philadelphia County, Commonwealth of Pennsylvania.

3.    Defendant, Progressive, provided an active motor vehicle insurance policy to Plaintiff that was in effect as of December 12, 2024, policy number 951021118, and has handled this claim under claim number 24-886774956.

## II.    JURISDICTION AND VENUE

4.    Jurisdiction is proper because this action is brought pursuant to 28 U.S.C. § 1332, as Plaintiff Marie Page is a resident of the Commonwealth of Pennsylvania, and Defendant, Progressive

Specialty Insurance Company is a resident of the State of Ohio, and the amount in controversy exceeds $75,000.00, thereby meeting the requirements for diversity of citizenship.

### III.    OPERATIVE FACTS

5.    On or about December 12, 2024, at approximately 4:00 pm, Plaintiff Marie Page was the operator of a motor vehicle traveling westbound in the right hand turn lane on Street Road in East Bensalem, PA.

6.    At the aforementioned time, Jean Joseph was operating a motor vehicle travelling eastbound in the left hand turn lane on Street Road, going in the opposite direction.

7.    While Plaintiff was lawfully making a right turn into a shopping center, the tortfeasor, Jean Joseph, suddenly and without warning made a left turn into the same shopping center when it was not safe nor reasonable to do so, and crashed into Plaintiff Marie Page at a high rate of speed.

8.    Plaintiff was obeying all applicable traffic laws at the time of the collision.

9.    As a direct and proximate result of the negligence and carelessness of the tortfeasor, Plaintiff Marie Page sustained serious and permanent injuries which caused serious impairment of body function. Plaintiff's injuries include without limitation, injuries to her muscles, tendons, bones, discs, ligaments, back, neck, left shoulder sprain/strain with osteoarthritis of the lower glenohumeral joint, right sacroiliitis, cervical sprain/strain, muscle spasticity, myofascial pain, lumbosacral sprain/strain, straightening of the normal cervical lordosis, multilevel neural foraminal narrowing by spondylotic degenerative changes, cervical radiculitis with multilevel disc bulging, lumbar radiculitis with diffuse disc bulging with facet joint hypertrophy at L3-4 indenting on dural sac and at L5-S1 there is diffuse disc bulging with endplate osteophytes slightly indenting on the dural sac, and aggravation of preexisting conditions if any, all or some of which are or may be permanent. Plaintiff also makes claims for such injuries, damages, and consequences of which she has no present knowledge.

10.    As a further result of this accident, Plaintiff has been or will be obliged to receive and

undergo medical attention and care and to expend various sums of money and/or to incur various expenses for the injuries she has suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

11. As a further result of this accident, Plaintiff has or may suffer a severe loss of her earnings and of her earning capacity and power.

12. As a direct and reasonable result of this accident, Plaintiff has or may hereafter incur financial expenses or losses which do or may exceed amounts she may otherwise be entitled to receive.

13. As a further result of this accident, and because of the injuries as aforesaid, Plaintiff has suffered and, in the future, may continue to suffer great pain and agony, mental anguish and humiliation and has and may in the future, be hindered from attending to her daily duties, function, and occupation, to her great detriment and loss.

14. Plaintiff is deemed to have the right to full tort recovery because the injuries she sustained amount to serious injury which caused a serious impairment of body function.

15. The aforesaid collision was caused by the negligence and carelessness of Jean Joseph, which included but was not limited to the following:

    a. Failing to keep a reasonable and proper lookout for other vehicles operating on the road, directly in front of the tortfeasor;

    b. Operating said motor vehicle at a high, excessive, imprudent and unsafe rate of speed under the circumstances and prevailing conditions in violation of 75 Pa. C.S.A. §3361;

    c. Operating the vehicle in excess of maximum speed limits in urban districts or in excess of posted speed limits in violation of 75 Pa. C.S.A. §3362;

    d. Failing to have and maintain said motor vehicle under proper and adequate control under the circumstances so that it could stop without endangering other vehicles on the road;

    e. Driving in careless disregard for the safety of others, in violation of 75 Pa. C.S.A. §3714;

f.  Failing to obey traffic control devices, in violation of 75 Pa. C.S.A. §3111;

g.  Making a left turn when it was not safe to do so in violation of 75 Pa. C.S.A. §3322;

h.  Failing to have the vehicle under proper and adequate control at all time relevant hereto;

i.  Failing to give proper and sufficient warning of the approach of the vehicle;

j.  Driving and operating the vehicle in a careless and inattentive manner;

k.  Striking Plaintiff's vehicle;

l.  Failing to pay proper attention to the immediate surroundings; and

m.  Negligence per se for, *inter alia*, violating 75 Pa. C.S.A. §3361, 75 Pa. C.S.A. §3362, 75 Pa. C.S.A. §3714, 75 Pa. C.S.A. §3111; and 75 Pa. C.S.A. §3322.

## COUNT I
### CONTRACT ACTION – UNDERINSURED MOTORIST BENEFITS
### MARIE PAGE V. PROGRESSIVE SPECIALTY INSURANCE COMPANY

16.  The averments of all preceding paragraphs are incorporated by reference as though fully set forth herein.

17.  Plaintiff was insured under a policy of automobile insurance with Progressive which was in effect for December 12, 2024, accident providing Underinsured Motorist Benefits ("UIM").

18.  The tortfeasor, Jean Joseph, lacks sufficient bodily injury coverage to compensate Plaintiff Marie Page for the injuries she sustained in the accident.

19.  By contract as well as by operation of law, Defendant Progressive, as the underinsured motorist carrier for Plaintiff, is required to pay those damages that the tortfeasor, Jean Joseph, is obligated to pay.

20.  As a direct result of the negligence of the underinsured tortfeasor, Plaintiff sustained the aforementioned injuries and losses.

21.     Plaintiff brings this action to have a determination of all benefits owed to her pursuant to the policy of insurance with Progressive.

**WHEREFORE**, Plaintiff Marie Page, requests the following relief from Defendant, Progressive Specialty Insurance Company:

    a.     Compensatory damages;

    b.     Such other and further relief as appears reasonable and just; and

    c.     A jury trial as to each Defendant and as to each count.

RESPECTFULLY SUBMITTED,

BY: *Theodore C. Levy*

THEODORE C. LEVY, ESQUIRE
Attorney ID No. 311794
FINE AND STAUD LLC
1333 Race Street
Philadelphia, PA 19107
Phone (215) 665-0100
Fax (267) 710-7004
tlevy@fineandstaud.com
Attorney for Plaintiff, Marie Page

Date: 7/23/26